# Price's Estate.

*Appeals—Paper-book—Failure to print auditor's report.*

Where on an appeal to the orphans' court the appellant fails to print the auditor's report, and the appellate court as a consequence is unable to pass upon the questions raised by the assignments of error, the appeal will be quashed.

Argued Oct. 27, 1910. Appeal, No. 201, Oct. T., 1910, by D. W. Price, from decree of O. C. Huntingdon Co., directing the payment of money in Estate of George W. Price. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Petition for an order to pay over money.

*Error assigned* was decree directing payment.

*H. W. Petrikin*, for appellant.

*H. H. Waite*, for appellee.

OPINION BY BEAVER, J., March 3, 1911:

The appellant and appellee are brothers and coexecutors of the will of their father. They filed in the orphans' court of Huntingdon county separate accounts, or more properly an account in which each debits and credits himself with the amounts received and paid respectively. In this account they each take credit for compensation of $20.00 which, of course, indicates that the amount of compensation for each is a credit, as against the amount with which he charges himself as executor. This account was confirmed absolutely and an auditor appointed to distribute and make report.

It appears from the appellant's history of the case, that the auditor did make a report which was confirmed, but it is not printed in the appellant's paper-book and the questions involved, being based upon facts which presumably appear or at least should appear therein, are, therefore, not before us in a way which enables us to dispose of them. It appears from the testimony on the rule to show cause why the appellant should not pay to the appellee the amount alleged to be due him as commission as one of the executors, and also an amount due him as a distributive share of his father's estate, that each of the executors, in addition to that with which he charges himself in the joint account, or the account in which he sets forth his debits and credits separately, was charged in the will of his father with $100. This does not appear in the account, as filed. It is presumed, therefore, that it was taken into account in the report of the auditor, who made distribution among the heirs, but as we have not that report, we are unable to determine anything in regard to the matter. It would seem, therefore, as if the

appellee not only had received the commission which he charges against the amount which he received from his co-executor, but that he had also in his hands, with which he was charged by the will of his father, enough money to pay both his commission and his distributive share, if that share is correctly stated in the history of the case, of which we have no evidence.

We are, therefore, unable to determine the facts upon which the appellant relies as the foundation of his appeal, and, inasmuch as this is his default, the report of the auditor not being printed in his paper-book, we are unable to determine upon their merits the questions involved.

Appeal quashed.